IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD EUGENE ALLEN,

        Petitioner,

                          1:11-cv-67-CL

    v.

                          REPORT AND
                          RECOMMENDATION

UNITED STATES OF AMERICA,

        Respondent.

CLARKE, District Judge.

    Petitioner filed a "Petition for Writ of Error *Coram Nobis* Pursuant to All Writs Act 28 U.S.C. § 1651(A)" seeking to vacate his 1994 judgment of convictions for making false statements to federally insured financial institutions.

    The writ of error *coram nobis* is an unusual remedy "available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003 (9th Cir. 2007); *see also*, United States v.

Morgan, 346 U.S. 502, 511 (1954) (A writ of *coram nobis* is an extraordinary remedy" that should be granted "only under circumstances compelling such action to achieve justice."). In Carlisle v. United States, 517 U.S. 416 (1996), the Supreme Court stated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." Id. at 429.

The *coram nobis* writ serves the specific function of filling a void in the availability of post-conviction remedies in federal criminal cases. Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). There are four requirements for the availability of the writ: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. Id. Failure to meet any one of these requirements is fatal to a defendant's petition. Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

Respondent argues convincingly that petitioner in this case has failed establish entitlement to the writ by satisfying the above listed requirements. However, assuming *arguendo* that petitioner could satisfy the requirements for the *availability* of the writ, I find that he has failed to establish entitlement to relief on the merits of his claim.

In his Petition (#1) petitioner alleged that his attorney

provided ineffective assistance of counsel by failing to file with the Ninth Circuit Court of Appeals a response to the government's supplemental citations to the record and legal authority on the federally insured status of financial institutions discussed at the appellate oral argument. In respondent's Memorandum in Response (#9), respondent noted that contrary to petitioner's claim, the docket clearly showed that petitioner's attorney submitted such a response on October 2, 1995.

In his Reply to Government's Memorandum (#11) petitioner alleges: "What petitioner meant then and restates now is that Storkel did not file a response to the Government's claim that a credit application (Exhibit 6e) was shown on the over head screen and additionally he did not address the Government's claim that Exhibit 16-d contained any document that would have met the jurisdiction requirements to sustain a conviction in this case."

In *United States v. Allen*, 88 F.2d 765 at 769 and 773, the United States Court of Appeals for the Ninth Circuit referenced Exhibits 6-e and 16-d as evidence which had been submitted to the jury. The dissenting opinion by Justice Reinhardt specifically referenced Exhibit 6-e as being displayed on an overhead screen, and more generally referenced these and other exhibits which had been submitted to the jury. There was no dispute that these exhibits were part of the evidentiary record. The only dispute was whether they constituted sufficient evidence that Western Bank was federally insured at the time of the offenses.

In addition, the Affidavit of John Storkel indicates that there was never any dispute that Exhibits 6-e and 16-d were admitted into evidence, displayed to the jury and were part of the record in this case. Government's Supplemental Memorandum (#23) attachment 1.

Thus it would have been frivolous for counsel to have "responded" to the government's claim that the exhibits were shown to the jury or admitted into evidence. It is not ineffective assistance of counsel not to have argued a patently frivolous claim.

Plaintiff also alleges that counsel did not "address the government's claim that exhibit 16-e contained any document that would have met the jurisdiction requirements to sustain a conviction in this case" (sic).

On direct appeal, petitioner challenged whether Exhibits 6-e and 16-d, among other evidence, constituted sufficient evidence to prove that Western Bank was federally insured at the time of the offenses, and the Ninth Circuit Court of Appeals resolved this claim against him. United States v. Allen, 88 F.3d 765 (9th Cir. 1996) cert. denied 520 U.S. 1202 (1997).[1]

Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in post-conviction proceedings.

---

1. "When we review these exhibits [6e and 16d] in the light most favorable to the prosecution, we conclude a rationale trier of fact could have found beyond a reasonable doubt that western Bank was federally insured at the time of Allen's fraudulent behavior." Id., Paragraph 26.

*See*, <u>United States v. Redd</u>, 759 F.2d 699, 701 (9th Cir. 1985). Petitioner has not established any extraordinary circumstance that would justify reconsideration of his claim. *See*, <u>Schlup v. Delo</u>, 513 U.S. 298 (1995); <u>Davis v. United States</u>, 417 U.S. 333 (1974).

Based on all of the foregoing I find that petitioner has failed to establish entitlement to relief. Petitioner has failed to demonstrate that his attorney was deficient or that he suffered any prejudice from his attorney's performance. The record is clear that petitioner's claims fail as a factual matter and/or have previously been litigated and resolved against him. Petitioner's Petition (#1) should be denied. This proceeding should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* See, *28 U.S.C. § 2253(c)(2).*

DATED this 24 day of October, 2012.

Mark D. Clarke
United States Magistrate Judge